ELECTRONIC ORDER IN <u>INTELICLEAR, LLC V. VICTOR</u>, 16 CV 1403 (JBA)

4/24/17 – All discovery was to be completed in this highly acrimonious file on or before March 29, 2017. (Dkt. #5). Under the Amended Scheduling Order/Endorsement Order, filed by U.S. District Judge Janet Bond Arterton on March 30, 2017, the Joint Trial Schedule is to be filed on or before May 30, 2017, jury selection is scheduled for September 26, 2017, and the jury trial is to commence on October 16, 2017. (Dkt. #109, ¶ 4). That same day, Judge Arterton also referred the case to this Magistrate Judge to resolve the outstanding discovery requests. (Dkt. #110; <u>see also</u> Dkt. #109, ¶ 3).

The following day, defendant Victor filed his Notice of Supplemental Compliance with Items 1, 2 and 3 of Court Endorsement Order (Dkt. #113), which sets forth in some detail the discovery with which he complied and the discovery matters that were still open.

A lengthy telephonic discovery conference was held before this Magistrate Judge on April 4, 2017. (Dkt. #114).[1] Following the conference, as requested, counsel forwarded supplemental materials to the Magistrate Judge. On April 6, 2017, plaintiffs' counsel forwarded a letter, to which several documents were attached: his earlier letter, dated March 31, 2017, to defense counsel; a copy of plaintiffs' expert report, dated February 3, 2017; and a copy of defendant's Preliminary Damages Analysis, also dated February 3, 2017.

The following day, April 7, 2017, plaintiffs' counsel forwarded another letter to this Magistrate Judge, summarizing additional conversations held between counsel the prior day, in which substantial progress was made. That same day, defendant forwarded his Notice of Supplemental Compliance with Discovery Per Telephonic Discovery Conference on 4/4, in which he represented that he has produced an additional 3,037 pages of responsive documentation, totaling more than 10,000 pages of production in the various related lawsuits. (At 5-6). Both counsel represented that they were going to continue to confer with one another regarding any remaining discovery issues.

On April 13, 2017, defendant forwarded another Notice of Supplemental Compliance with Discovery Per Telephonic Conference on 4/4.

The Magistrate Judge's Chambers has received no further communications from counsel.

In light of the substantial progress made between the parties and counsel, for which the Magistrate Judge is most grateful, she will assume that the parties and counsel will continue to cooperate with one another, and that they will notify Chambers, by letters, **on or before May 1, 2017**, if they reach an impasse with respect to any outstanding discovery issues.[2] In addition, the Amended Scheduling Order included that this Magistrate Judge was ordered "to set a prompt amended

---

[1]Earlier in the day, defense counsel had faxed copies of the discovery requests and objections at issue in the underlying Notice of Supplemental Compliance.

[2]For example, in their April 7, 2017 letter, plaintiffs advise that plaintiff InteliClear "was standing on its relevance objections as to Request Nos. 34, 38, and 42." (At 2). Similarly, in his Notice of Supplemental Compliance, dated April 7, 2017, defense counsel pointed out that plaintiffs' counsel indicated that "he would likely stand on his objection with regard to . . . items 32 and 37. . . ." (At 7).

discovery cutoff date." (Dkt. #109, ¶ 3). In their letters, counsel are to advise the Magistrate Judge whether they have they reached an agreement as to a "prompt amended discovery cutoff date[]" for the completion of all outstanding discovery, and if not, they are provide the Magistrate Judge with suggested dates.