ELECTRONIC ORDER IN <u>INTELICLEAR, LLC V. VICTOR</u>, 16 CV 1403 (JBA)

5/5/17 – Familiarity is presumed with this Magistrate Judge's lengthy Electronic Order Regarding Discovery, filed 4/24/17 (Dkt. #118).

Pursuant to that order, on May 1, 2017, plaintiffs' counsel forwarded a five page letter,[1] which addressed the following five topics:

(A) defendant's additional discovery request on April 6, 2017, and plaintiffs' responses on April 21 and 27, 2017 to defendant's First Request for Production of Documents, dated November 22, 2016, for which plaintiffs produced more than 5,800 pages of documents, forty-two Microsoft Excel files, and two native Microsoft QuickBooks from several non-parties;

(B) plaintiffs' remaining objections to defendant's discovery, specifically (i) Requests Nos. 17, 18, 19, 35, 36 and 39 of defendant's First Request for Production of Documents, dated November 22, 2016, and (ii) plaintiffs' objections to defendant's multiple Requests for Production, all dated April 7, 2017, as untimely;

(C) defendant's supplemental discovery responses on April 13 and 20, 2017, for which he produced approximately 343 pages of documents and two native Microsoft Excel files;

(D) defendant's supplemental responses on April 13 and 20, 2017 to plaintiffs' Interrogatories Nos. 1-2, and Nos. 6-8 and 11 of plaintiffs' Third Request for Production of Documents, and continuing supplementation of the bank statements for the Fifth Third Bank account; and

(E) the discovery cutoff date, in that plaintiffs contend that the deadline for completion of discovery was March 29, 2017, so that plaintiffs need not response to any discovery requests served after March 8, 2017.

Later that day, defense counsel forwarded her three page letter, in which she represented as follows regarding outstanding objections and discovery issues: (1) defendant will provide supplemental answers to Interrogatories Nos. 1-2 "to the extent [he] has knowledge of the information requested," and that defendant will provide updated bank documents and statements for the accounts for which he has online access[2]; and (2) the open discovery issues are, as stated above, defendant's objections to Nos. 6-8 of plaintiffs' Third Request for Production of Documents, and plaintiffs' objections to Requests Nos. 17-19, 35, 36 and 39 of defendant's First Request for Production of Documents, dated November 22, 2016.

With respect to the discovery cutoff date, defense counsel argues that while defendant has provided substantial discovery to plaintiffs, plaintiffs have not responded in kind; that defendant needs these materials in order to retain a forensic accountant in this case (costing $25,000 to $40,000); and that until Judge Arterton rules on motions pending before her, which may free up

---

[1] His letter to defense counsel, dated April 25, 2017, was attached.

[2] This pertains to Request No. 11 of plaintiffs' Third Request for Production of Documents, regarding the Wells Fargo line of credit, and the Fifth Third Bank account.

funds for defendant, it is not possible to "determine a more realistic discovery cutoff date[.]"

Turning first to the **discovery cutoff date**, in the amended Scheduling Order/Endorsement Order, filed 3/30/17 (Dkt. #109), Judge Arterton specifically referred this file to this Magistrate Judge "for discovery disputes and to set a prompt amended discovery cutoff date." (¶ 3).[3] Thus, it is not true, as argued by plaintiffs, that discovery terminated on March 29, 2017 and Judge Arterton denied defendant's request to extend the discovery deadline.[4] Accordingly, plaintiffs may not assert untimeliness as their sole objection to defendant's various Requests for Production, dated April 7, 2017. Plaintiffs shall serve revised responses and objections **on or before May 26, 2017**.[5]

Turning next to the **outstanding objections**, defendant has objected to Nos. 6-8 of plaintiffs' Third Request for Production of Documents, which seek all of defendant's medical records (including but not limited to physician, laboratory, clinic, and hospital records, test results, and reports), identification of all physicians or other healthcare providers (including but not limited to laboratories, clinics, and hospitals) who treated defendant, and written authorizations for same, over a ten year period. Defendant has objected on the basis of lack of relevancy, lack of proportionality, and harassment, intimidation and embarrassment. In his letter to the Magistrate Judge, dated April 6, 2017, plaintiff's counsel asserts that plaintiffs need this information regarding defendant's "medical condition and life expectancy," insofar as defendant has "placed at issue in claiming future lost profits extending for ten years into 2027 in his Preliminary Damages Analysis." Other than this argument made by plaintiffs, there is nothing in the various pleadings here, both complaints and counterclaims (Dkts. ##1, 10, 54, 66, 83), that suggest that this discovery is relevant. Therefore, defendant need not respond to these three discovery requests, except to the extent that he has any potentially life-threatening illness(es) or condition(s). **On or before May 16, 2017**, defense counsel shall forward to this Magistrate Judge's Chambers, in letter form, a list of all significant illness(es) or condition(s) for which defendant has been diagnosed in the past five years, and depending on defendant's response, further in camera review may be ordered, as appropriate.

Plaintiff InteliClear has objected to Requests Nos. 17-19 of defendant's First Request of Production of Documents directed to plaintiff InteliClear, which seek the income, sale or other federal or state tax return filed by, of the benefit of, for on behalf of plaintiffs Powell, Barretto, and DeVito; plaintiff InteliClear has objected on the basis of relevancy, but without waiving its

---

[3]This Magistrate Judge obviously did not participate in the ninety minute telephone status conference held before Judge Arterton on March 27, 2017 (Dkt. #111), nor has a transcript been prepared. Thus, this judicial officer must rely upon what CM/ECF reflects.

[4]Moreover, as acknowledged in Section A of plaintiffs' May 1, 2017 Letter, they have responded to discovery requests made by defense counsel, some for the first time, on April 10, 21 and 27, 2017, clearly after the previous March 29, 2017 deadline.

[5]The Magistrate Judge recognizes that under the Amended Scheduling Order/Endorsement Order (Dkt. #109), their Joint Trial Memorandum is due by May 30, 2017, which presumably was conditioned on the possibility of the trial going forward in June or July 2017. (¶¶ 4.a, 4.d).

objection, has represented that it has no responsive documents. In light of that representation, plaintiff InteliClear need not respond to these three discovery requests.

Plaintiff InteliClear has objected to Requests Nos. 35 and 36 of defendant's First Request for Production of Documents directed to plaintiff InteliClear, which seek each document that refers to, reflects, details or explains any changes, adjustments or corrections made to InteliClear's re-filed state and federal tax returns for 2015 and 2016, as well as all communications with any accountants with respect to such changes, adjustments or corrections. Plaintiff InteliClear has objected on the basis of relevancy and privilege (attorney-client, work product, and any other applicable privilege); InteliClear also represents that it previously produced the 2015 amended tax returns to defendant but as of March 24, 2017, it had not created or filed, let alone changed, adjusted, or corrected its 2016 tax returns. Accordingly, plaintiff InteliClear need not respond, unless and until it changes or adjusts its 2016 tax return.[6] Lastly, plaintiff InteliClear has objected to No. 39 of defendant's First Request for Production of Documents directed to plaintiff InteliClear, which seeks a list of any and all agreements, written or oral, that plaintiff InteliClear has made with customers; plaintiff InteliClear objects on the basis of relevancy, but represents that without waiving its objection, it does not possess any documents responsive to this request. Accordingly, plaintiff InteliClear need not respond to this discovery request.

In summary, all discovery is now closed, except for the following items that remain open: (1) defendant's submission of the letter to the Magistrate Judge **on or before May 16, 2017**, and, depending on defendant's response, a date will be set for submission of medical records for in camera review, if appropriate; (2) plaintiffs' revised responses and objections to defendant's April 7, 2017 discovery requests, to be served **on or before May 26, 2017**, and any additional letter-briefs and judicial rulings that flow therefrom; and (3) defendant's retention of a forensic accountant, if Judge Arterton rules on motions pending before her, which will free up funds for defendant to retain such expert.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, ____ F. App'x ___, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

---

[6] This electronic order will not address the issue of accountant privilege, which is not addressed at all in any of the parties' letters pertaining to discovery.