UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTELICLEAR, LLC; A. MARTINHO BARRETTO; JOHN PAUL DEVITO; and GUY T. POWELL, *Plaintiffs*, v. ROBERT J. VICTOR, *Defendant*. | Civil No. 3:16cv1403 (JBA) May 18, 2017 |

**RULING DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff InteliClear filed this action on August 17, 2016 against Defendant Robert J. Victor ("Victor") alleging breach of fiduciary duty (Count One); civil theft in violation of Conn. Gen. Stat. § 52-564 (Count Two); conversion (Count Three); and demanding an accounting of all financial transactions regarding InteliClear assets and funds performed by Victor or at his direction (Count Four). On September 1, 2016 Plaintiff filed an amended complaint adding a claim for tortious interference with business expectancies (Count Five); and seeking a declaratory judgment (Count Six). Defendant now moves [Doc. # 32] to dismiss Plaintiff's Complaint in its entirety. For the reasons that follow, Defendant's Motion is denied.

I. Discussion[1]

The Court assumes the parties' familiarity with the underlying facts of the case. (*See* Ruling [Doc. # 32] Granting Plaintiff's Motion for a Preliminary Injunction ("Ruling on Injunction").)

Defendant argues three separate grounds for dismissal: (1) that the Court lacks subject matter jurisdiction over the case, (2) that Plaintiff failed to join necessary parties under Rule 19, and (3) that the Court should abstain because of a parallel state court proceeding involving the same facts and issues. None of Defendant's arguments require dismissal of this case.

### A. Defendant's First Two Arguments Lack Merit

This Court previously considered Defendant's argument that it lacks subject matter jurisdiction over the case in its Ruling on Injunction and subsequent Ruling denying reconsideration of that Preliminary Injunction. (*See* Ruling on Injunction at 10-12; Ruling [Doc. # 124] Denying Motion for Reconsideration.) Relying on its analysis in these two Rulings, the Court remains satisfied for now that it has subject matter jurisdiction and will not address Defendant's argument further.

Defendant also argues that the case must be dismissed for failure to join a necessary party, relying on *D'Amico v. Doe*, for the proposition that "[w]here a plaintiff seeks a declaratory judgment regarding the rights of various parties, all parties affected by the judgment are necessary

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

parties." No. Civ.A. 3:03CV2164 (SRU), 2005 WL 850961 (D. Conn. Jan. 20, 2005). This argument has been mooted by subsequent events. Since Defendant filed his Motion to Dismiss on October 3, 2016, Plaintiff again amended its Complaint, this time adding as Plaintiffs Antonio Martinho Barretto, Guy T. Powell, and John Paul DeVito. (Second Amended Complaint [Doc. # 66].) Consequently, the non-party members of the Plaintiff LLC have been added and Defendant's argument is now moot.

### B. The Court Declines to Abstain

Defendant also contends that the Court should abstain from this case in light of parallel state court proceedings,[2] relying on *Young Pharm., Inc. v. NV Perricone LLC*, No. 3:07-CV-1568 (PCD), 2008 WL 4000562, at *1 (D. Conn. Aug. 25, 2008), which in turn applies the *Wilton* abstention doctrine. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) the Supreme Court considered when it was proper for a federal court to abstain from cases seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. To guide federal courts in their determination of when to abstain from exercising jurisdiction, the Supreme Court endorsed the factors enunciated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942):

---

[2] Victor's action in the Connecticut Superior Court for the Judicial District of Hartford, on behalf of InteliClear and himself individually, against Powell, Barretto, and Brandon Consulting Associates, Inc., was served August 25, 2016. *See* Docket No. HHD-CV16-6070878-S. On September 8, 2016, Victor filed an Amended Complaint claiming: temporary and permanent injunction (Count one), conspiracy (Count two), breach of contract (Count three), tortious interference with business relationships (Count four); fraud/intentional misrepresentation (Count five); breach of fiduciary duty (Count six); unfair trade practices (Count seven), and declaratory judgment (Count eight).

> [A] district court should examine the scope of the pending state court proceeding and the nature of defenses open there. . . . This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc. . . . Other cases, the Court noted, might shed light on additional factors governing a district court's decision to stay or to dismiss a declaratory judgment action at the outset. . . . But *Brillhart* indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in [g]ratuitous interference . . . if it permitted the federal declaratory action to proceed.

*Id.* at 282–83 (internal citations and quotation marks omitted).

However, the Second Circuit has held that *Wilton* applies only to actions in which a party seeks solely declaratory relief. *See e.g., Kanciper v. Suffolk Cty. Soc. for the Prevention of Cruelty to Animals, Inc.,* 722 F.3d 88, 93 (2d Cir. 2013) ("*Wilton* does not apply where, as here, a plaintiff does not seek purely declaratory relief, but also . . . seeks damages caused by the defendant's conduct.") (internal quotation marks and citations omitted); *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,* 673 F.3d 84, 106 (2d Cir. 2012) (same). In an action seeking declaratory relief and monetary damages, as here, the Second Circuit directs that a court should apply the *Colorado River* abstention doctrine. *See e.g., Kanciper,* 722 F.3d at 93 (finding *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976) sets out the appropriate abstention standard when the plaintiff does not seek purely declaratory relief.).

Despite being put on notice by Plaintiff's Opposition that Defendant's Motion to Dismiss relied upon the wrong abstention doctrine, Defendant chose not to file any Reply Memorandum addressing the applicability of the *Wilton* doctrine, or alternatively applying *Colorado River*

4

abstention to the facts of this case. Because Defendant only grounded his abstention on *Wilton*, which is inapplicable to this case, his argument fails.[3]

## II. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of May 2017.

---

[3] The Court also takes judicial notice of the fact that as of the time this Opinion was issued, Victor's claims in state court were dismissed for improper service. *See* Docket No. HHD-CV16-6070878-S.