ELECTRONIC ORDER IN <u>INTELICLEAR, LLC V. VICTOR</u>, 16 CV 1403 (JBA)

6/28/17 – Familiarity is presumed with this Magistrate Judge's lengthy Electronic Orders Regarding Discovery, filed April 24, 2017 and May 5, 2017 (Dkts. ##118 & 121; <u>see also</u> Dkt. #122).

On June 7, 2017, defendant forwarded a six-page letter to this Magistrate Judge,[1] as to which plaintiffs' counsel responded in a seven-page letter one week later. A lengthy telephonic discovery conference was held with respect to the issues raised in these letters on June 21, 2017. (Dkt. #137). The following four issues were addressed in the letters and discovery conference.[2]

(1) <u>General Discovery Issues – Format of ESI</u> – Defendant has requested that plaintiffs identify which documents were responsive to which requests by providing him with the Bates-numbers responsive to each request, whereas plaintiffs contend that they have complied with FED. R. CIV. P. 34(b)(2)(E) by producing these documents as they were kept in the usual course of business, primarily .pdf files, or Microsoft Excel workbooks and QuickBooks databases. (6/7/17 Letter at 2; 6/14/17 Letter at 2-3). As plaintiffs' counsel explained during the telephonic discovery conference, most of the documents produced (approximately 3,000 of them) were .pst files, that are backup files for their email system and attachments thereto, essentially a "mirror image" of the system itself. Under these circumstances, there is no requirement to impose an additional burden for plaintiffs beyond that required under Rule 34(b)(2)(E).

(2) <u>General Discovery Issues – Post-Dissociation Items</u> – Defendant has requested post-dissociation information, such as "what expenses have been paid out, whether compensation of the members has changed at all and what benefits the other members are taking[,]" which he contends is relevant, <u>inter alia</u>, to his "estoppel type defense to this action"; plaintiffs respond that during the March 27, 2017 telephonic status conference, Judge Arterton ordered plaintiffs to produce all pre-dissociation books and records, with which they have complied. (6/7/17 Letter at 2-3; 6/14/17 Letter at 3-4).[3] Given Judge Arterton's multiple rulings on the issue of dissociation, and her characterization that the date of dissociation was a "logical defining line" with regard to discovery, this Magistrate Judge agrees with plaintiffs' counsel, that <u>as of the present</u>, post-dissociation discovery is not required.[4]

(3) <u>Barretto's Responses & Objections to First Set of Discovery</u> (6/7/17 Letter at 3; 6/14/17 Letter at 4-5) – With respect to Requests Nos. 12 and 37, Barretto shall respond only to the extent that he has in his possession any documents not already produced by Brandon Consulting, of which his wife is a principal.[5] As described by plaintiffs' counsel, it appears that plaintiffs have fully

---

[1]Attached as Exh. A was a copy of correspondence between counsel, dated May 24, 2017.

[2]Some issues were resolved between counsel (<u>see</u> 6/7/17 Letter at 3; 6/14/17 Letter at 3, 7), which the Court appreciates.

[3]There is no transcript of this conference. (Dkt. #111; <u>see</u> Dkt. #121, at 2, n.3).

[4]The same conclusion is reached with respect to Nos. 5, 7-10 of Plaintiffs' Responses & Objections to Second Set of Discovery Requests. (6/7/17 Letter at 4-5; 6/14/17 Letter at 6).

[5]The parties reached an agreement during the conference with respect to Request No. 41.

complied with the requirements of FED. R. CIV. P. 26(b)(3) and 26(b)(4), and Local Rule 26(e). Thus, neither a privilege log nor any further production is required with respect to Requests Nos. 43-45.[6]

(4) <u>Plaintiffs' Responses & Objections to Second Set of Discovery Requests</u> (6/7/17 Letter at 4-5; 6/14/17 Letter at 6) – Regarding Requests Nos. 1-3, as explained by both counsel during the telephonic discovery conference, plaintiff InteliClear apparently does not maintain its own set of computer servers on which it retains emails, but instead simply forwards emails sent to an "@inteliclear.com" email address to the personal email of that person, and then deletes them. When he resided in Connecticut, defendant utilized a personal email provided by his cable company, "@optonline.net," on which his work emails were held, but when he relocated to Florida and closed out his Connecticut cable account, his emails were all deleted without having been saved. Defendant is willing to limit his request to plaintiffs' production of pre-dissociation emails. Plaintiffs contend that they already have produced emails responsive to relevant requests for production that were sent to, from, or in response to emails sent to the five email addresses listed in Requests Nos. 1-3, and that they should not have to bear the burden of recreating defendant's entire email account, including emails that are not relevant to this lawsuit. Under these circumstances, when defendant did not take the requisite steps to protect his home email account (on which his work emails were stored) before he moved from Connecticut to Florida, plaintiffs need not produce any further emails with respect to these three discovery requests.

With respect to Request No. 11, defendant seeks a privilege log of all documents as to which plaintiffs assert the attorney-client or work product privilege. Plaintiffs contend they have produced all non-privileged documents responsive to Request No. 11, but that the attorney-client and work product privilege began with the lawsuit filed by defendant in the Connecticut Superior Court in Litchfield in September 2015, which was removed by plaintiffs to this district in May 2016 and assigned to Judge Bryant. Judge Bryant dismissed that action on August 15, 2016 after defendant filed a Notice of Voluntary Dismissal, whereupon two days later, on August 17, 2016, plaintiffs commenced this lawsuit, in which they asserted the same claims as those previously raised in their counterclaims in the prior lawsuit. Given this continuum of events, the Magistrate Judge agrees that the attorney-client privilege and work product doctrine began with the September 2015 lawsuit, and no further production is required by plaintiffs.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Impala v. United States Dept. of Justice</u>, 670 F. App'x 32 (2d Cir. 2016)(summary order)(failure to

---

[6]The same conclusion obviously applies to Powell's Responses & Objections to First Set of Discovery Requests and DeVito's Responses & Objections to First Set of Discovery Requests. (6/17/17 Letter at 4; 6/24/17 Letter at 4, n.3).

file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).